IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREG PAUL REVERE SANCHEZ,<br><br>                          Petitioner,<br><br>            v.<br><br>STATE OF UTAH,<br><br>                          Respondent. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT PETITION**<br><br>Case No. 2:18-CV-70-DN<br><br>District Judge David Nuffer |

Petitioner, Greg Paul Revere Sanchez, an inmate at Central Utah Correctional Facility, filed a *pro se* habeas-corpus petition. *See* 28 U.S.C.S. § 2254 (2018). Reviewing the Petition, the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

### DEFICIENCIES IN PETITION

Amended Petition:

(a)     has possibly been supplemented by other potential claims in the numerous other documents filed in this case by Petitioner.

(b)     needs to state a more clear timeline regarding the appeals process and whether it has been concluded in the Utah State Supreme Court.

(c)     has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**INSTRUCTIONS TO PETITIONER**

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition. First, the revised petition **must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents, including letters, previously filed by Petitioner**. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, the petitioner must clearly state whom his custodian is

and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas-corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2017); any claims about the execution of Petitioner's sentence should be brought under *id.* § 2241. Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

## O R D E R

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

(4) Petitioner's motions for discovery are **DENIED** as premature. (Doc. Nos. 13, 14, 15 & 18.) Based on this Order, there is not a valid petition on file yet. Once there is a valid petition on file, the Court will direct discovery as needed with no further prompting needed from Petitioner.

(5) Petitioner's second motion for appointed counsel is **DENIED**, (Doc. No. 17), for the same reasons Petitioner's first motion for appointed counsel was denied, (Doc. No. 38).

(6) **The Court will not accept further filings from Petitioner until his amended habeas petition has been filed and until the Court explicitly allows further filings. Any more letters or other motions will be sent back to Petitioner by the Clerk's Office, until the Court designates otherwise.** This is because Petitioner has written and lodged at least forty-one letters, between March 21, 2018 and today. Sometimes, the Court receives as many as three on a single day. The Court does not have enough staffing to thoroughly read and respond to each of these letters. The Court deems them vexatious and unhelpful. All issues regarding habeas corpus must be clearly and simply stated in a single habeas-corpus petition.

DATED this 9th day of August, 2018.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court